### 30446. WEAVER v. MOSS.

D. F. *Black,* for plaintiff in error.

BROYLES, C. J. (After stating the foregoing facts.) The only question in the case is whether, under the above-stated facts, the petitioner had the legal right to present to the judge the second petition for certiorari.

The first petition, although sanctioned, was never filed in the office of the clerk of the superior court of Clayton County, as required by law, and the writ of certiorari was never issued. Therefore, the first petition never ripened into a "case," but became a mere scrap of paper; and there was no case to be renewed. The first petition was never dismissed, and therefore the decisions in cases where the first petition was dismissed on the hearing thereof, are not applicable here. Nor are the decisions applicable that hold that a void petition can not be renewed. "To render a petition for certiorari void there must be something inherently defective in the petition itself—something precedent to the issuance of the writ; as

where the certiorari bond, or the pauper affidavit, was defective, or where the petition itself contained no sufficient assignment of error. *Bass* v. *Milledgeville* [121 *Ga.* 151, 48 S. E. 919]." *Singer Sewing Machine Co.* v. *Dacus,* 22 *Ga. App.* 297 (96 S. E. 8). In the instant case the first petition for certiorari was not inherently defective, and contained a sufficient assignment of error. The second petition, having been presented to the judge within 30 days from the judgment complained of, and its allegations (as stated by the judge in his order refusing to sanction it) "entitling the petitioner to the writ of certiorari as prayed for," the refusal to sanction the petition was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*